809 F.2d 860
 258 U.S.App.D.C. 19, 13 Media L. Rep. 2002
 RADIO-TELEVISION NEWS DIRECTORS ASSOCIATION, et al., Petitioners,
v.
FEDERAL COMMUNICATIONS COMMISSION and United States of
America, Respondents,
American Legal Foundation, Media Access Project, et al.,
Henry Geller, et al., American Newspaper Publishers
Association, National Bar Association, et al., EUMEDIA,
Inc., Democratic National Committee, et al., Westinghouse
Broadcasting and Cable, Inc., Black Citizens for a Fair
Media, et al., Office of Communication of the United Church
of Christ, et al., American Federation of Labor and Congress
of Industrial Organization, American Jewish Congress, Intervenors.
 No. 85-1691.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 30, 1986.
Decided Jan. 16, 1987.
 
 Michael P. McDonald, Muskegon, Mich., entered an appearance for intervenors, American Legal Foundation.
 N. Terry Maguire entered an appearance for intervenor, American Newspaper Publisher Assn.
 Douglas L. Parker, Washington, D.C., entered an appearance for intervenors, Black Citizens for a Fair Black Media, et al.
 John D. Lane, Ramsey L. Woodworth and Martin J. Gaynes, Washington, D.C., entered appearances for intervenor, Westinghouse Broadcasting and Cable, Inc.
 Laurence Gold and David M. Silberman, Washington, D.C., entered appearances for intervenors, American Federation of Labor, et al.
 Charles M. Firestone, Los Angeles, Cal., entered an appearance for intervenor, EUMEDIA, Inc.
 Ronald A. Krauss, New York City, entered an appearance for intervenor, American Jewish Congress.
 John J. Powers, III and Robert J. Wiggers, Attys., Dept. of Justice, Washington, D.C., entered appearances for Dept. of Justice.
 Bruce Douglas Sokler, with whom Charles D. Ferris and Frank W. Lloyd, Washington, D.C., were on the brief for intervenors, Democratic Nat. Committee, et al.
 Henry Geller, with whom Donna Lampert, Washington, D.C., was on brief for intervenors, Geller, et al.
 Timothy B. Dyk, with whom Andrea Timko, Margaret L. Tobey, Adrienne Masters for CBS, Inc., J. Laurent Scharff, James M. Smith, Washington, D.C., for Radio-TV News, et al., David Hunsaker, McLean, Va., for Freedom of Expression Foundation, Inc., John A. Rafter, Werner K. Hartenberger for Multimedia, Inc., L. Stanley Paige for Post-Newsweek Station, Inc., Robert A. Beizer for Tribune Broadcasting Co., Henry L. Baumann, Steven A. Bookshester for Nat. Ass'n of Broadcasters, Michael H. Bader, John M. Pelkey for Meredith Corporation, Thomas Schattenfield, Mania K. Baghdadi for Nat. Radio Broadcasters Ass'n, Bruce W. Sanford, Washington, D.C., for Society of Professional Journalists, were on the joint brief for petitioners.
 Jack D. Smith, Gen. Counsel, F.C.C., with whom Daniel M. Armstrong, Associate Gen. Counsel and C. Grey Pash, Jr., Counsel, F.C.C., Washington, D.C., were on brief for respondents.
 Andrew Jay Schwartzman, Robert M. Gurss, J. Clay Smith, Jr., Washington, D.C., and Earle K. Moore, Washington, D.C., were on brief for intervenors, Media Access Project, et al. David W. Danner entered an appearance for intervenors, Media Access Project, et al.
 Before SILBERMAN and WILLIAMS, Circuit Judges, and JAMESON,* Senior District Judge.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of Intervenors' motion to dismiss for lack of jurisdiction, responses thereto, and the oral argument of counsel, for the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED by the Court that the motion is hereby granted with respect to Petitioners' constitutional challenge to the fairness doctrine. It is
 
 
 3
 FURTHER ORDERED by the Court that Intervenors' motion to dismiss for lack of jurisdiction is denied with respect to Petitioners' claim that the Commission's failure to institute a rulemaking to eliminate or modify the fairness doctrine was arbitrary and capricious.
 
 
 4
 The Clerk is directed to schedule the merits of this case for briefing and argument in advance of the Summer recess.
 
 MEMORANDUM
 
 5
 Petitioners seek review of the FCC's 1985 report on the fairness doctrine, Report Concerning General Fairness Obligations of Broadcast Licensees, 102 F.C.C.2d 143 (1985), in which the Commission concluded the fairness doctrine violates the first amendment and no longer serves the public interest but nevertheless declined to institute a rulemaking to eliminate or modify the doctrine.[1] In light of the Report, Petitioners ask this Court to declare the fairness doctrine unconstitutional and the Commission's failure to eliminate it, arbitrary and capricious. Intervenors Henry Geller and Donna Lampert, Media Access Project, et al., and the Democratic National Committee, et al. filed motions to dismiss, arguing we lack jurisdiction to review Petitioners' claims, in particular their challenge to the constitutionality of the fairness doctrine. On March 25, 1986, a motions panel of this Court ordered further briefing on the jurisdictional issue and deferred briefing on the merits pending resolution of the motion to dismiss.
 
 
 6
 Petitioners argue that "in light of the Commission's finding that the fairness doctrine has a chilling effect on the first amendment activities of broadcasters, it is important that the Court now consider the constitutionality of the fairness doctrine." Curiously, in light of its position in Meredith, the FCC agrees with Petitioners that its Report is an appropriate vehicle for reviewing Petitioners' constitutional challenge. We, however, agree with Intervenors that the 1985 Fairness Report's conclusions as to the constitutionality of the fairness doctrine do not constitute agency action subject to review in this Court pursuant to 47 U.S.C. Sec. 402(a) (1982) and 28 U.S.C. Sec. 2342(1) (1982). Although the Commission's Report made findings relevant to the constitutionality of the fairness doctrine, it did not alter the legal obligations imposed by the fairness doctrine. Accordingly, if Petitioners wish to bring a facial challenge to the fairness doctrine--based on the chill its threatened enforcement allegedly imposes on Petitioners' first amendment rights--they must do so in district court. We therefore grant Intervenors' motion to dismiss with respect to Petitioners' constitutional challenge.
 
 
 7
 But we deny the motion to dismiss with respect to Petitioners' claim that the Commission's failure to institute a rulemaking to eliminate or modify the fairness doctrine was arbitrary and capricious. Prior cases in this Circuit make clear that a failure to institute a rulemaking is reviewable under the Administrative Procedure Act, 5 U.S.C. Sec. 701 et seq. (1982), as long as the petitioner has standing and the matter is otherwise fit for review. See, e.g., Quincy Cable TV, Inc. v. FCC, 768 F.2d 1434, 1445-47 & n. 29 (D.C.Cir.1985), cert. denied, --- U.S. ----, 106 S.Ct. 2889, 90 L.Ed.2d 977 (1986); WWHT, Inc. v. FCC, 656 F.2d 807, 814-16 (D.C.Cir.1981); Geller v. FCC, 610 F.2d 973 (D.C.Cir.1979). Petitioners have standing because they have alleged an injury--the chill of their first amendment rights--that is sufficiently direct and palpable to meet the requirements of article III. See Epperson v. Arkansas, 393 U.S. 97, 109-10, 89 S.Ct. 266, 273, 21 L.Ed.2d 228 (1968) (Black, J., concurring); Bantam Books, Inc. v. Sullivan, 372 U.S. 58, 67, 83 S.Ct. 631, 637, 9 L.Ed.2d 584 (1963). And their challenge is fit for review under Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); the Commission's decision to "terminate"--as opposed to merely "staying"--its fairness doctrine inquiry makes clear that our review would not interfere with an ongoing agency proceeding; and the issue raised does not require a more concrete factual setting for decision. See id. at 149, 87 S.Ct. at 1515.[2] We therefore conclude Petitioners' nonconstitutional claim--that the Commission acted arbitrarily and capriciously in failing to institute a rulemaking--is fit for review.
 
 
 
 *
 Senior District Judge for the District of Montana, sitting by designation pursuant to Title 28 U.S.C. Sec. 294(d)
 
 
 [1]
 For further discussion of the Commission's findings and conclusions in its 1985 Fairness Report, see the Court's opinion in the companion case, Meredith Corp. v. FCC, 809 F.2d 863 (D.C.Cir.1987)
 
 
 [2]
 Intervenors contend review is barred by Petitioner's failure to exhaust administrative remedies as required by 47 U.S.C. Sec. 405 (1982). Although Petitioners, along with several other parties below, squarely asked the Commission to institute a rulemaking to eliminate the fairness doctrine during the inquiry that led to the Report, Intervenors maintain Petitioners never raised the argument that in light of the Report the fairness doctrine should be eliminated. We see no reason why Petitioners should be required to repeat their request for a rulemaking. The Commission clearly had ample opportunity to consider whether a rulemaking was appropriate. Indeed, it devoted a substantial portion of its Report to a discussion of that issue